IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| COMMODITY FUTURES TRADING COMMISSION,<br><br>    Plaintiff,<br><br><br><br><br><br><br><br>    vs.<br><br><br>STEPHEN W. BROCKBANK, GAHMA CORPORATION, STEPHEN W. BROCKBANK, JOHN GARRETT, ALLEN ANDERSEN, ROBERT HENINGER, et al.,<br><br>    Defendants. | MEMORANDUM DECISION AND ORDER DENYING GAHMA DEFENDANTS' MOTION TO DISMISS FOR LACK OF JURISDICTION OR FOR EQUITABLE RELIEF AND DENYING CFTC'S MOTION TO STRIKE<br><br><br><br><br><br>Case No. 2:00-CV-622 TS |

I.  INTRODUCTION

The Commodities Exchange Act (CEA) regulates, among other things, Commodity

Pool Operators (CPOs).  The Gahma Defendants[1] contend that the CFTC lacks jurisdiction

---

[1]Defendants Gahma Corporation and its principals, Garrett, Andersen and Heninger are herein collectively referred to as the Gahma Defendants.

1

to bring claims because it only has jurisdiction to bring civil actions against individuals who actually violate the law.  They contend that the CFTC lacks jurisdiction over them because, among other reasons, they are not CPOs under the CFTC's jurisdiction, and therefore, there is no subject matter jurisdiction.  The Court finds that the claims are adequate to involve a federal controversy and, therefore, there is subject matter jurisdiction.

## II.  Motion to Dismiss

The Gahma Defendants move to dismiss pursuant to Fed. R. Civ. P. 12.  As pointed out by the CFTC, and contrary to local rule,[2] the Motion and supporting Memoranda[3] do not specify under which subsection they seek dismissal.  They did not take the opportunity to clarify the issue in their Reply.[4]  The Court interprets the Motion as seeking dismissal under subsections 12(b)(1) (lack of subject matter jurisdiction) and 12(b)(6) (failure to state a claim).

### A.     Rule 12(b)(1)

The Gahma Defendants contend that unless a defendant has actually violated the CEA, the CFTC may not bring an action for civil penalties.  They contend that absent such an actual violation, the CFTC may only obtain injunctive relief.[5]  They contend that the CFTC does not have jurisdiction over them unless (1) commodities were actually traded

---

[2]DUCivR 7-1(b)(1) ("all motions must . . . cite applicable rules, . . . justifying the relief sought").

[3]Docket Nos. 261 and 262.

[4]Docket No. 284.

[5]The Gahma Defendants do not challenge the jurisdiction for the CFTC to obtain injunctive relief.

on Gahma's account; (2) its principals were CPOs;[6] or (3) the Gahma Defendants otherwise violated the CEA. They contend that it is undisputed that there was no actual commodities trading on Ghama's account and that fact, combined with the fact that they did not pro rate losses among investors, means that they do not fall within the statutory definition of CPOs. They contend that because they are not CPOs, the CFTC lacks jurisdiction and this case must be dismissed.

The Gahma Defendants contend that the jurisdictional statute at issue is:

(d) Civil penalties
(1) in any action brought under the section, the Commission may seek and the court shall have jurisdiction to impose, on a proper showing, on any person found in the action to have committed any violation a civil penalty in the court of not more than the higher of $100,000 or triple the monetary gain to the person for each violation.[7]

The Gahma Defendants are arguing that the statute should be read as providing that the CFTC does not have standing to bring an action for civil penalty unless the "proper showing" is made that they are CPOs or have actually violated the statute.  If, as the Gahma Defendants argue, the CFTC lacks standing to bring a claim for civil penalties, the Court would lack subject matter jurisdiction over the case.

The CFTC contends that it has jurisdiction under section 2(a)(1)(A) of the CEA, that it has alleged, and the Gahma Defendants' own materials show, that they are CPOs. Finally, the CFTC contends that there is jurisdiction even if there were no trades on the Gahma account and the Gahma Defendants are not CPOs, because it alleges a violation

---

[6] 7 U.S.C. § 1a(4).

[7] 7 U.S.C. § 13a-1(d) (emphasis added).

of a section 6b(a)(a),[8] which prohibits fraud in connection with commodity futures transactions by any person regardless of whether their status as CPOs.

In the *Steel Company* case,[9] the Supreme Court explained that the existence of a dispute over the interpretation of a federal statute or a dispute over the existence of the violation of that statute does not deprive a federal court of subject matter jurisdiction:

> It is firmly established in our cases that the absence of a valid (as opposed to arguable) cause of action does not implicate subject-matter jurisdiction, *i.e.,* the courts' statutory or constitutional *power* to adjudicate the case. . . . As we stated in *Bell v. Hood*, "jurisdiction . . . is not defeated . . . by the possibility that the averments might fail to state a cause of action on which petitioners could actually recover." Rather, the district court has jurisdiction if "the right of the petitioners to recover under their complaint will be sustained if the Constitution and laws of the United States are given one construction and will be defeated if they are given another," unless the claim "clearly appears to be immaterial and made solely for the purpose of obtaining jurisdiction or where such a claim is wholly insubstantial and frivolous." Dismissal for lack of subject-matter jurisdiction because of the inadequacy of the federal claim is proper only when the claim is so insubstantial, implausible, foreclosed by prior decisions of this Court, or otherwise completely devoid of merit as not to involve a federal controversy. Here, respondent wins under one construction of [the federal statute] and loses under another . . . [10]

The Gahma Defendants would have to show that the CFTC's claims are "so insubstantial, implausible, foreclosed by prior decisions of this Court, or otherwise

_____

[8]7 U.S.C. § 6b(a)(i)(ii)and (iii).

[9]*Steel Co. v. Citizens for a Better Environment*, 523 U.S. 83, 91-92 (1998) (finding jurisdiction under Emergency Planning and Community Right to Know Act of 1986) (EPCRA)).

[10]*Id.* 523 U.S. at 91-92 (1998) (quoting *Bell v. Hood,* 327 U.S. 678, 682 (1946)), (other internal quotations and citations omitted).

completely devoid of merit as not to involve a federal controversy" in order to show a lack

of subject matter jurisdiction.

> As a general rule, Rule 12(b)(1) motions to dismiss for lack of jurisdiction take one of two forms: (1) facial attacks; and (2) factual attacks. Under a facial attack, the movant merely challenges the sufficiency of the complaint, requiring the district court to accept the allegations in the complaint as true. In a factual attack such as we have here, however, the movant goes beyond the allegations in the complaint and challenges the facts upon which subject matter jurisdiction depends.  In such a situation, the court must look beyond the complaint and has wide discretion to allow documentary and even testimonial evidence under Rule 12(b)(1).  However, "a court is required to convert a Rule 12(b)(1) motion to dismiss into a Rule 12(b)(6) motion or a Rule 56 summary judgment motion when resolution of the jurisdictional question is intertwined with the merits of the case.""[T]he underlying issue [in determining whether the jurisdictional question is intertwined with the merits] is whether resolution of the jurisdictional question requires resolution of an aspect of the substantive claim."[11]

In the present case, because of the way that the Gahma Defendants have framed

the issue, the resolution of the jurisdictional issue is not intertwined with the merits of the

case.  The question instead is whether the claims are so completely devoid of merit as to

not involve a federal controversy–a standard akin to the Rule 12(b)(6) standard.

The Gahma Defendants contend that the CFTC cannot proceed under the statute

because it admits in the Complaint that there were no actual trades on Gahma's account

and also they were not CPOs because the investments they sold did not allocate profits

and losses pro rata.  Instead, they argue that the investments were promissory notes with

fixed, but amazingly high rates of return.

The CEA defines a CPO as:

---

[11]*Paper, Allied-Industrial, Chemical And Energy Workers Intern. Union v. Continental Carbon Co.*, 428 F.3d 1285, *1292 (10th 2005).

any person engaged in a business that is of the nature of an investment trust, syndicated, or similar form of enterprise, and who, in connection therewith, solicits, accepts or receives from others, funds, securities or property, either directly or through capital contributions, the sale of stock or other forms of securities or otherwise, for the purpose of trading any commodity for future delivery . . . . [12]

The Court finds that it is not necessary to allege that there were actual trades on the Gahma account for the CFTC to state a valid claim for civil penalties.   In *CFTC v. Weinberg*,[13] the CFTC recovered civil penalties against an advisor who solicited and received investments for the purpose of making trades in commodities, but never actually made such trades and instead operated as a *Ponzi*[14] scheme.[15]   The Gahma Defendants' attempt to distinguish the facts of *Weinberg* on the grounds that the defendant in *Weinberg* defaulted is unavailing because the *Weinberg* court's detailed findings of facts are very similar to the facts alleged to have occurred in the present case, down to the guaranteed "profits" on non-existent trades.   It would be odd, indeed, if liability under the CEA were totally excused any time that funds invested for the purpose of investing in commodity pools were 100% successfully diverted away from actual trades instead of only a lesser

---

[12]7 U.S.C. § 1a(4).

[13]287 F.Suppp.2d 1100 (C.D. Ca. 2003).

[14]*See U.S. v. Shelton*, 669 F.2d 446, 450 (7th Cir. 1982) (explaining origin of term "Ponzi scheme").

[15]*Weinberg,* 287 F.Supp.2d at 1103-04.

percentage of the total investor funds being so diverted.[16]  Such a construction would have the anomalous result of encouraging total fraud.

As noted, the Gahma Defendants contend that they cannot be CPOs because their investments were promissory notes with a fixed rate of return and the investment they solicited did not allocate profits and losses pro rata.  In support they cite *Lopez v. Dean Whittier Reynolds*.[17]  In *Lopez,* the Ninth Circuit held that the following four factors were required to be present in a commodity pool.

> (1) an investment organization in which the funds of various investors are solicited and combined into a single account for the purpose of investing in commodity futures contracts; (2) common funds used to execute transactions on behalf of the *entire* account; (3) participants share pro rata in accrued profits or losses from the commodity futures trading; and (4) the transactions are traded by a commodity pool operator in the name of the pool rather than in the name of any individual investor.[18]

*Lopez* is not controlling on the jurisdictional issue for several reasons.  First, in accordance with the rule reiterated in *Steel Company*, the district court in *Lopez* exercised its subject matter jurisdiction to adjudicate the valid, but ultimately unsuccessful claim, that the accounts were commodity pools subject to the CEA.[19]  Second, the finding in *Lopez* turned on the fact that the plaintiff's investment was treated individually, rather than part

---

[16]*E.g. CFTC v. Skorupskas*, 605 F.Supp. 923, 931-32 and 943-44 (E.D. Mich. 1985) (imposing civil remedies of disgorgement and restitution where the broker operating a CPO as a Ponzi scheme deposited only $959,943 of the total $2,672,583 in investments in trading accounts).

[17]805 F.2d 880 (9th Cir. 1986).

[18]*Id*. at 884 (italics in original).

[19]*Id*. at 882 and 884 (affirming district court's holding that account was not a commodity pool and therefore there was no violation of the CEA).

of a common pool when it was traded.[20]  It was that factor, that "common funds" were not

"used to execute trades on behalf of the *entire* account,"[21] that was dispositive and resulted

in the lack of pro rata treatment of profits and losses.  This lack of mingling the funds for

a common treatment is not the situation alleged in the present case by any party.  Third,

*Lopez* is not controlling authority and has not been widely followed.[22]  Its adoption of four

requirements for a commodity pool is not controlling on the issue of whether a person is

a "commodity pool operator," a defined statutory term that does not require the existence

of a legitimate commodity pool, only that the person be engaged in a business "in the

nature of an investment trust" or similar form of enterprise who, in connection with that

business solicits, accepts or receives from others, funds in any of the various enumerated

forms "for the purpose of trading in a commodity."[23]  Fourth, the CFTC in the present case

has alleged pro rata distribution of profits and losses and supports that position with a

Declaration.  The fact that the Gahma Defendants termed the investments they sold as

promissory notes does not control, it is the substance that controls and that will be

determined at trial.  What is at issue at the present time is only whether the claim that

---

[20]*Id*. at 882 n.2 and 884 (there as a disparity in investment in the individual accounts and not all accounts traded the same contracts).

[21]7 U.S.C. § 1a(4) quoted more fully *supra*.

[22]The citation to the four requirements as a profile of the operation of a commodity pool in *Nicholas v. Saul Stone & Company*, 224 F.3d 179, 181 n.4 (3rd Cir. 2000) is dicta.

[23]7 U.S.C. § 1a(4).

Gahma Defendants were CPOs who violated the CEA is so completely devoid of merit as to not involve a federal controversy and deprive the Court of subject matter jurisdiction.

The Court finds that the CFTC's claims are not so completely devoid of merit that it has no standing.  This is especially true where the CFTC brings claims against the Gahma Defendants alleging violation of Section 6b(a),[24] which prohibits fraud in connection with commodity futures transactions by any person regardless of their status as CPOs.

The Gahma Defendants also contend that under section 2(i)(I),[25] that the SEC or the state regulatory agencies retain jurisdiction unless the case involves contract of sale of commodities for future delivery that are *actually* traded or executed on a contract market.  The CFTC contends that it does have enforcement jurisdiction under that section of the CEA. The Court agrees with the CFTC that it has comprehensive, but not necessarily exclusive, jurisdiction in this area.[26]

Based on the foregoing, the Court finds that is has subject matter jurisdiction over the valid, but hotly disputed, claims.  The Court denies the Gahma Defendants' Motion to Dismiss for lack of subject matter jurisdiction.

B.     Rule 12(b)(6)

In considering a motion to dismiss under Rule 12(b)(6), all well-pleaded factual allegations, as distinguished from conclusory allegations, are accepted as true and viewed

---

[24]7 U.S.C. § 6b(a)(i)(ii)and (iii).

[25]7 U.S.C. §2(a)(1).

[26]*See SEC v. Unique Finance*, 196 F.3d 1195 (11th Cir. 1995) ("Commodity *pools* . . .  are within the concurrent jurisdiction of the CFTC and the SEC.") (italics in original).

in the light most favorable to the CFTC as the nonmoving party.[27]   A Rule 12(b)(6) motion

to dismiss may be granted only if it appears beyond a doubt that the plaintiff is unable to

prove any set of facts entitling it to relief under its theory of recovery.[28]  All well-pleaded

factual allegations in the amended complaint are accepted as true and viewed in the light

most favorable to the nonmoving party.[29]   But, the Court "need not accept conclusory

allegations without supporting factual averments."[30]   "The Court's function on a Rule

12(b)(6) motion is not to weigh potential evidence that the parties might present at trial, but

to assess whether the plaintiff's complaint alone is legally sufficient to state a claim for

which relief may be granted."[31]

Having reviewed the Complaint, the Court finds that the CFTC states claims against

the Gahma Defendants sufficient to overcome the Rule 12(b)(6) standard.  Therefore, the

Court will deny the Motion.

### III.  Motion for Equitable Relief

The Gahma Defendants seek an order "properly" defining the CFTC's burden of

proof and holding a hearing to determine whether the CFTC can make a prima facie case

---

[27]*Ruiz v. McDonnell*, 299 F.3d 1173, 1181 (10th Cir. 2002).

[28]*Conley v. Gibson,* 355 U.S. 41, 45-46 (1957).

[29]*GFF Corp. v. Associated Wholesale Grocers, Inc.*, 130 F.3d 1381, 1384 (10th Cir. 1997).

[30]*Southern Disposal, Inc., v. Texas Waste*, 161 F.3d 1259, 1262 (10th Cir. 1998); *Hall v. Bellmon,* 935 F.2d 1106, 1110 (10th Cir. 1991).

[31]*Miller v. Glanz*, 948 F.2d 1562, 1565 (10th Cir. 1991).

10

against them for violating the CEA.[32]  It is clear from their Memoranda and Reply that what the Gahma Defendants are requesting via this unusual Motion is an advisory opinion on whether the Court will adopt their theory of calculating damages for the purpose of resolving an apparent disagreement between the parties as to the Gahma Defendants' "civil exposure" in their settlement negotiations.

The Court will not issue such an advisory opinion.  Further, insofar as the Gahma Defendants seek a determination of the sufficiency of the CFTC's prima facie case, it was available to them at any time by filing a Motion for Summary Judgment and pointing out the alleged lack of evidence on any essential element of any claim.[33]  Accordingly, the Court denies the Motion for Equitable Relief.  The Court will not substitute equitable hearings for the procedures established by the Federal Rules of Civil Procedure.

### IV.  Conclusion and Order

The Gahma Defendants did not respond to the CFTC's Motion to Strike certain paragraphs of their statement of undisputed facts.  Because the Gahma Defendants' Motion to Dismiss is denied, the Motion to Strike is moot.  For the foregoing reasons, it is therefore

---

[32]Defs' Mot. at 28; see also Reply at 4 (requesting Court to "properly" the CFTC's burden of proof and the Gahma principals' civil exposure").

[33]See *Adler v. Wal-Mart Stores, Inc.*, 144 F.3d 664, 670-71 (10th Cir. 1998) (a movant that will not bear the burden of persuasion at trial may meet its initial burden of making a prima facie demonstration of the absence of a genuine issue of material fact and entitlement to judgment as a matter of law "simply by pointing out to the court a lack of evidence for the nonmovant on an essential element of the nonmovant's claim").

ORDERED that Gahma Defendant's Motion to Dismiss or for Equitable Relief (Docket No. 261) is DENIED.  It is further

ORDERED that CFTC's Motion to Strike Certain Paragraphs of Defendants' Statement of Undisputed Facts (Docket no. 275) is DENIED AS MOOT.

DATED  January 30, 2006.

BY THE COURT:

_____
TED STEWART
United States District Judge

12