IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| COMMODITY FUTURES TRADING COMMISSION,<br><br>Plaintiff,<br><br>vs.<br><br>CAROL LOVE, et al.,<br><br>Defendants. | MEMORANDUM DECISION AND ORDER DENYING CAROL LOVE'S MOTION FOR SUMMARY JUDGMENT<br><br>Case No. 2:00-CV-622 TS |

    This matter is before the Court on Defendant Carol Love's Motion for Summary Judgment.

    Love seeks summary judgment on the CFTC's claims against her for violation of the Commodities Exchange Act (CEA) by operating as an unregistered CPO in violation of 7 U.S.C. § 6m(1); fraud in violation of 7 U.S.C. §§ 6b(a) and 4; and failure to establish the company Birma as a separate entity in violation of 17 C.F.R. §4.20(a) and 17 C.F.R. § 4.20(c). The CFTC contends that these violations occurred as part of a scheme involving Love, her co-defendant Stephen Brockbank and the investment partnership and defendant Birma.

1

Summary judgment is appropriate only if "there is no genuine issue as to any material fact . . . the moving party is entitled to a judgment as a matter of law."[1] In reviewing the motion, the court views "the evidence in the light most favorable to the nonmovant."[2]

Love submits evidence that she had no knowledge of any intention to misappropriate investor funds or to misrepresent facts to any investor. Love's materials in support of her Motion include her affidavit, that of her partner in Birma and co-defendant Brockbank, and other documents in support of her position that at all times she acted in connection with Brockbank and Birma merely as an assistant and secretary, whose job was to sign whatever documents her partner requested and to follow his instructions. Love's evidence is that she did so based upon her belief and confidence in her partner and that at all times she believed what he told her and never had any knowledge of any impropriety in the business or in connection with any accounts, investor, paperwork or government regulation.

Love's position is that intent to defraud is required to establish a violation of 7 U.S.C. §6b(a) and argues that her role was minimal and that she had no intent to cheat, defraud or deceive.[3]

In a voluminous filing, the CFTC provides evidence in support of each of its causes

---

[1] Fed. R. Civ. P. 56(c).

[2] *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

[3] Citing *Hill v. Bache Halsey Stuart Shields, Inc.*, 790 F.2d 817, 822-823 (10th Cir. 1986).

of action against Ms. Love. It points out that scienter is only required for its claim for fraud under § 6(b) and that such scienter can be established by evidence of recklessness.[4]

Having considered the parties' memoranda and the voluminous exhibits, the Court finds that the CFTC has met its burden of coming forward with evidence showing there are material issues of fact on all claims. Thus, the Court finds that there are material issues of fact precluding summary judgment on all causes of action against Defendant Love. It is therefore

ORDERED that Defendant Love's Motion for Summary Judgment (Docket No. 311) is DENIED.

DATED  February 7, 2006.

BY THE COURT:

_____
TED STEWART
United States District Judge

---

[4] *Commodity Futures Trading Com'n v. International Financial Services (New York), Inc*. 323 F.Supp.2d 482, 502 -503 (S.D. N.Y. 2004) ("in the context of the CEA, scienter also may be shown by proof of recklessness") (citing *Drexel Burnham Lambert Inc. v. CFTC,* 850 F.2d 742, 748 (D.C. Cir.1988)).