IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| COMMODITY FUTURES TRADING COMMISSION,<br><br>Plaintiff,<br><br><br><br>vs.<br><br><br><br>DONALD PURSER, et al.,<br><br>Defendants. | MEMORANDUM DECISION AND ORDER DENYING PURSER'S MOTION FOR SUMMARY JUDGMENT; DENYING CFTC'S MOTION FOR SUMMARY JUDGMENT AND DENYING CFTC'S MOTION TO STRIKE<br><br><br><br><br><br>Case No. 2:00-CV-622 TS |

This matter is before the Court on Defendant Donald Purser's Motion for Summary Judgment and the CFTC's Motion for Summary Judgment

Purser seeks summary judgment on the CFTC's claims against him for violation of the Commodities Exchange Act (CEA) by allegedly operating as an unregistered associated person (AP) in connection with a commodity pool operator (CPO) by soliciting several investors in Defendant Birma[1] and for soliciting Birma investors using allegedly

---

[1] 7 U.S.C. § 6k(2).

1

fraudulent solicitation tactics in violation of 7 U.S.C. §§ 60(1)(A) and (B).  Among his arguments for summary judgment, Purser contends that he could not have been an AP because Birma cannot be a CPO if it does not pro rate profits and losses.[2]

For the reasons stated in its January 30, 2006, Memorandum Decision and Order Denying Gahma Defendants' Motion to Dismiss,[3] the Court finds that *Lopez* is not controlling on the issue of an entity's status as a CPO.

Summary judgment is appropriate only if "there is no genuine issue as to any material fact and . . . the moving party is entitled to a judgment as a matter of law."[4]  In reviewing the motion, the court views "the evidence in the light most favorable to the nonmovant."[5]  As the present motions are in the nature of cross-motions for summary judgment, the Court has considered all materials submitted in connection with each motion as part of the record for both motions.

Purser submits evidence, including his own affidavit, that he did not solicit investments in Birma, that he fully disclosed his referral fees, and that he did not otherwise fraudulently misrepresent the Birma investment to investors.  The CFTC submits evidence supporting its claims against Purser. Having considered the parties memoranda, supporting and opposing materials, and exhibits, the Court finds that there are material

---

[2]Mem. in Supp. at 15-18 (relying on *Lopez v. Dean Witter Reynolds*, 805 F.2d 880 (9th Cir. 1986)).

[3]Docket No. 366 at 7-8.

[4]Fed. R. Civ. P. 56(c).

[5]*Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

issues of fact precluding summary judgment for or against Defendant Purser. Accordingly, summary judgment must be denied.

In addition to seeking summary judgment, Purser seeks dismissal of the CFTC's claims on the basis of his allegation that he has not received copies of depositions. The CFTC responds with evidence that such materials were expeditiously delivered.[6] The Court finds that Purser has not stated grounds for dismissal.

The CFTC also moves to strike Purser's Statement of Material Fact No. 24 as well as an Affidavit of Allen Anderson, alleging that they are self-serving, baseless, and unsupported by any independent evidence.[7] There is no provision in the Federal Rules of Civil Procedure to strike affidavits or memorandum.[8] The Court finds that alleged statements sought to be stricken are immaterial for the purpose of the present motions and will be disregarded by the Court. Therefore the Motion to Strike will be denied as moot.

It is therefore

ORDERED that Defendant Purser's Motion for Summary Judgment (Docket No. 268) is DENIED. It is further

ORDERED that the CFTC's Motion for Summary Judgment against Donald J. Purser (Docket No. 316) is DENIED. It is further

---

[6] CFTC's Exs. K through M.

[7] Docket No. 286 at ¶1.

[8] *Searcy v. Social Sec. Admin.*, 956 F.2d 278, (10th Cir. 1992) (unpublished order quoting 2A *Moore's Federal Practice* ¶ 12.21 at 12-164 ("a Rule 12(f) motion to strike is not appropriate with regard to affidavits, parties, or any other matter other than that contained in the actual pleadings") and ("Motions and memoranda are not included within the definition of "pleading" under F.R.C.P. 7(a)").

3

ORDERED that the CFTC's Motion to Strike (Docket No. 286) is DENIED as moot.

DATED  February 7, 2006.

                BY THE COURT:

                _____
                TED STEWART
                United States District Judge