IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| COMMODITIES FUTURES TRADING COMMISSION, <br><br> Plaintiff, <br><br><br> vs. <br><br><br> STEPHEN W. BROCKBANK, et al., <br><br> Defendants. | MEMORANDUM DECISION AND ORDER GRANTING IN PART CFTC'S MOTION TO STRIKE <br><br><br><br><br><br> Case No. 2:00-CV-622 TS |

This matter came before the Court on February 25, 2006, for hearing on the CFTC's Motion to Strike Defendants' Exhibits or in the Alternative, to Stay Proceedings.

At the hearing, the Court found that the failure of any of the individual Gahma Defendants, specifically Defendant Heninger, to receive notice of the hearing was the result of their failure to comply with the local rule[1] requiring parties appearing pro se to notify the clerk's office of any change in their address or telephone number.

At the February 7, 2006 final pretrial conference, the Court struck the Gahma's Defendants' designation of exhibits and witnesses as insufficient and found that none of

---

[1] DUCivR 83-1.3(b).

the other defendant had filed their designations of exhibits and witness lists as required by the Scheduling Order.  The Court afforded Defendants a second chance to comply before trial.  That ruling was embodied in the Court's February 8, 2006 Order Re: Final Pretrial Conference and provided:

> [A]ll Defendants shall file Designations of exhibits and witnesses no later than February 14, 2006.  The Designations shall comport with this Court's Scheduling Order and Fed. R. Civ. P. 26(a)(3) and shall specifically identify and list each proposed exhibit. Designations shall be simultaneously served on the CFTC by fax or e-mail.  If a Defendant intends to rely solely on exhibits designated by the CFTC, such Defendant shall file and simultaneously serve on the CFTC by fax or e-mail, no later than February 14, 2006, a copy of the CFTC's Designation clearly indicating the exhibits such Defendant intends to use with a separate identification of those it expects to offer or may offer.[2]

Pursuant to Rule 16 and Rule 37, this Court possesses the discretionary power to exclude exhibits not disclosed in compliance with the pre-trial orders which it promulgates.[3] Under Rule 37, the Court also possesses the discretion to stay the proceedings until a party complies with the Courts' pretrial orders, to award attorney fees[4] and to enter judgment or to issue a contempt sanction.[5]  The sanction chosen by the Court should be

---

[2] Docket No. 376.

[3] *Admiral Theatre Corp. v. Douglas Theatre Co.,* 585 F.2d 877, 897 (8th Cir.1978).

[4] *G.J.B. & Ass. v. Singleton.*, 913 F.2d 824, 830 (10th Cir. 1990) (upholding award of attorney fees and costs against counsel who violated trial court's pretrial order that exhibits to be introduced or discussed at trial be identified).

[5] Fed. R. Civ. P. 37(b)(2)(B) and (C).

related to the particular violation.[6]  But neither a "contumacious attitude nor chronic failure is a necessary threshold to the imposition of sanctions."[7]  In this case the parties have exhibited chronic failure to comply with the requirements for designation of exhibits for trial.  In considering whether to exclude the exhibits, the court finds instructive the following factors used to consider sanctions for Rule 26(a) violations: "(1) the prejudice or surprise to the party against whom the [exhibits] are offered; (2) the ability of the party to cure the prejudice; (3) the extent to which introducing such [exhibits] would disrupt the trial; and (4) the moving party's bad faith or willfulness."[8]

None of the Defendants sought an extension of time to comply with the February 8, 2006 Order, for good cause or otherwise.[9]  The Court finds that in view of the lack of requests for extension, the Court's specific direction at the final pretrial conference and the fact that the February 8, 2005 Order gave Defendants time and opportunity to cure their failure to comply with the prior order, that their failure to comply with the February 8, 2006 Order is not justified.  The Court will discuss each Defendant in turn.

---

[6]*C.t. Okla. Fed. Gold and Numismatics, Inc.*, 24 F.3d 136, 139 (10th Cir. 1994) (citing *Ehrenhaus v. Reynolds,* 965 F.2d 916, 921 (10th Cir. 1992)) (Court may impose same sanctions for failure to comply with pretrial orders as for failure to comply with discoverey).

[7]*Ikerd v. Lacy*, 852 F.2d 1256 (10th Cir. 1988) (upholding dismissal of case and award of attorney fees as sanction for failure to appear at pretrial conference).

[8]*Woodworker's Supply, Inc. v. Principal Mut. Life Ins. Co.*, 170 F.3d 985, 993 (10th Cir. 1999). *See also Lohnes v. Level 3 Comm., Inc.*, 272 F.3d 49, 59 (1st Cir. 2001) (applying factors to failure to disclose experts).

[9]*Compare Woodworker's Supply, supra* (upholding sanctions of preventing defendant from presenting any witnesses or evidence where defendant failed to comply with discovery and presented no explanation for his failure to do so).

As to Defendant Brockbank, the Court finds that although care should be taken with pro se defendants so that they do not lose their right to present their defense for a technical violation, pro se defendants are expected to reasonably comply with the Federal Rules of Civil Procedure and the local rules.[10]

The Court finds that Brockbank has not complied with the Scheduling Order or the Court's February 8, 2006 Order. Not only has Brockbank failed to list exhibits, he has also failed to list any witnesses. This is far more than a mere technical violation of a complicated rule. This is a complete failure to comply with his responsibilities as a litigant. The February 8, 2006 Order was very specific. It told the Defendants exactly what to list regarding *each* of their proposed exhibits. The Order further provided a very easy alternative if any of the defendants wanted to rely on any of CFTC's designated exhibits–namely provide the CFTC with a copy of the CFTC's exhibit list with the exhibits clearly marked that such defendant intended to rely on. This is a simple and inexpensive alternative that was well within the capability of even the most unsophisticated pro se defendant. Thus, even if a pro se defendant did not understand the rules regarding pretrial disclosures or the earlier Scheduling Order, all of the defendants had a specific order telling them exactly when and what to file. Further, the Court made it clear in the Order referring the case to mediation at the request of several of the parties that trial preparation and responsibilities would be unaffected by that referral.[11]

---

[10] *Ehrenhaus v. Reynolds*, 965 F.2d 916, 920-21 and n. 3 (10th Cir. 1992).

[11] See Docket No. 360 Order Referring to Mediation (**"All pretrial deadlines and the final pretrial and trial settings remain in effect**.") (bold emphasis in original).

4

The Court finds that Defendant Brockbank is an educated person, well able to comply with the simple requirements of providing a list identifying each exhibit and witness he intended to rely on.  Accordingly, the Court finds that he has failed to comply with the Pretrial Order and the February 8, 2006 Order enforcing the Pretrial Order.  He has shown no valid reason for his complete failure to timely comply and the Court, under the circumstances of this case, finds his failure to be intentional.

Defendant Love filed a Designation that is insufficient because it does not "specifically identify and list *each* proposed exhibit" as required by the February 8, 2005 Order.  Instead, it is a list of categories of documents. Only one exhibit has been adequately identified, "Brockbank's resume."

In response to the CFTC's Motion, Defendant Love argues that she did comply because she either told the CFTC's attorney what the exhibits she intended to rely on, or that the CFTC already has the exhibits in its possession for one reason or another.  The fact that the CFTC already has material in its possession is not a defense to the failure to "specifically identify and list *each* proposed exhibit" as required by the February 8, 2005 Order.  Neither is any oral statement between counsel sufficient to comply with the requirement for a specific written list.[12]  Under the circumstances of this case, the Court finds that Love's continual failure to comply is intentional.

Defendant Purser did not file his Designation until February 21, 2006,[13] a week past

---

[12] *See* Fed.R.Civ.P. 26(a)(4)(all required pretrial disclosures "must made in writing, signed, and served").

[13] Document No. 390.

the deadline set by the Court's February 8, 2006 Order. But it appears that Purser did fax it to the CFTC at some earlier date. Purser's Designation also generally lists broad categories of documents rather than specific documents. He does list some documents specifically. The Court notes that Defendant Purser is an attorney who is appearing pro se. Unlike the other pro se defendants, he does not have the excuse of not being familiar with his responsibility to timely file his Designation as required by the Rules of Civil Procedure and the specific Scheduling Order. The Court finds that his continuing failure to comply with the requirement that he "specifically identify and list *each* proposed exhibit" is intentional and willful.

At the hearing, the CFTC requested that Defendant Purser withdraw his attempted late designation of eight expert witnesses for the first time on the eve of trial. The Court finds that the Scheduling Order provides that Defendants' expert reports were to be filed by August 1, 2005, and expert discovery was to be completed by September 1, 2005. Purser did not move to extend these times or to amend that Scheduling Order, did not identify these individuals as experts,[14] did not provide any expert reports, and did not object to the CFTC's proposed pretrial order on the grounds that such expert witnesses should be, but were not, listed therein.[15]

---

[14] *See Lohnes*, 272 F.3d at 59 (the directive of the Civil Rules that in the course of pretrial discovery, "a party shall disclose to other parties the identity of any person who may be used at trial to present" expert opinion evidence are "mandatory and self-executing.").

[15] *See* Purser's Objection to proposed Pretrial Order. Although it was faxed to the Court, it was apparently not filed. The Court will lodge the document.

The Court finds that the attempted designation of experts is untimely and would be highly prejudicial as it was made on the eve of trial, involves individuals who were not previously designated as witnesses,[16] involves individuals whom Purser did not attempt to include in the Final Pretrial Order, and for whom no expert reports have been provided.[17] Accordingly, Purser shall not attempt to call any expert witness or elicit any expert testimony without first affording the CFTC an opportunity to address the issue outside of the presence of the jury.

Turning to the Gahma Defendants, it appears that Gahma's counsel made an attempt to timely comply with the February 8, 2006 Order.  However, counsel failed to supply a copy of the Gahma Defendants' joint exhibits with the designation.  This is a violation of the February 8, 2006 Order in that it provided that matters should be filed and simultaneously served by fax or email on the CFTC.  But, Gahma's counsel has filed an affidavit showing that he attempted to mail copies of the exhibits by ground mail the same day he filed the designation.  It is difficult to believe that he thought in good faith that mailing the exhibits via regular mail  was sufficient when he was first identifying exhibits on the eve of trial and the Order required simultaneous service on the CFTC by fax or email.  If the exhibits were too voluminous to email or fax, that situation supports the finding of

---

[16] *See Smith v. Ford Motor Co.*, 626 F.2d 784 (10th Cir.1980).

[17] *See Davy v. Lockheed Martin Corp.*, 301 F.3d 1204, 1210 (10th Cir. 2002)(factors to be considered in a challenge to a district court's denial of a motion to amend the pretrial order include: "(1) prejudice or surprise to the party opposing trial of the issue; (2) the ability of that party to cure any prejudice; (3) disruption by inclusion of the new issue; . . . (4) bad faith by the party seeking to modify the order" and (5) the timeliness of the movant's motion to amend the order)(internal citations omitted).

extreme prejudice to the CFTC by their production on the eve of trial.  Although it is a very close question, the Court will afford counsel the benefit of the doubt and will not strike the Gahma Defendant's designation of exhibits.

Moving to the subject of the prejudice to the CFTC, the Court again notes that not one of the Defendants filed a timely and sufficient designation of exhibits.  It is not possible to adequately prepare for a two-week trial with multiple defendants where the Defendants fail to comply with the Rules of Civil Procedure and the Court's Pretrial Orders.  It diverts time and resources from necessary trial preparation to have to file a second motion raising the second round of Defendants' failures to comply with the Court's Orders. The Court finds that there is severe prejudice to the CFTC in the continuing failure of the Defendants to comply with their pretrial responsibilities.  The prejudice includes unfair surprise and additional costs of raising this Motion and last-minute preparation.  As of the hearing on this Motion, the CFTC still had not received copies of some of the proposed exhibits.  It would be disruptive to the trial to allow attempted admission of exhibits–some of which are still neither clearly identified nor provided to the CFTC–when there has been no pretrial opportunity to resolve issues such as identification, authentication, etc.  At this late date, the CFTC has no ability to cure this unfair surprise and prejudice, except at the expense of other necessary trial preparation, such as proposed jury instructions.  In considering the prejudice to the CFTC, the Court has factored in that the CFTC has had to expend additional time in trial preparation as a result of the Court's ruling at the Final Pretrial Conference that the entire case be presented to a jury despite the fact that two defendants did not timely demand a jury trial.

The Court has found, above, that the continuing failure of the Defendants to comply was not justified, and was intentional.  On the totality of the circumstances of this case, the Court must further find that it was in bad faith.  The Court will attempt to mitigate a small part of the prejudice to the CFTC from the late production of the copies by extending the time for it to raise objections to the Defendants' exhibits that are not stricken up through the end of trial.  This does not cure the prejudice to the CFTC.  But the Court finds that the only other alternative, granting the CFTC's motion to stay until it had adequate time to prepare regarding the exhibits, would also prejudice the CFTC which has expended considerable resources already in preparation for the current trial setting.  This case has gone on for five years.  It is time for it to be resolved.  Accordingly, the Court will not stay the proceedings.  It is therefore

ORDERED that the CFTC's Motion to Strike Defendants' Exhibits, or in the Alternative, to Stay Proceedings (Docket No. 391) is GRANTED in part.  It is further

ORDERED that because of the extremely late designation of exhibits by Defendants and the high degree of prejudice to the CFTC from surprise exhibits on the eve of trial, it is ORDERED that the time for the CFTC to file any objection to any of the Defendant's exhibits that are not stricken is extended through the end of trial.  It is further

ORDERED that Defendant Brockbank shall present no witnesses or exhibits at trial. He may cross examine witnesses presented by the CFTC and may use any exhibit offered by another party if that exhibit has been admitted into evidence.  It is further

ORDERED that Defendant Love's Designation of exhibits is STRICKEN and she shall present no exhibits at trial except for the exhibit listed as "Brockbank's resume,"

PROVIDED THAT she shows that it was served on the CFTC prior to the hearing in this matter.  Defendant Love may use any exhibit offered by another party if that exhibit has been admitted into evidence.  Defendant Love did timely designate herself as a witness for trial and may testify on her own behalf.  It is further

ORDERED that Defendant Purser's Designation of Exhibits is STRICKEN except for the exhibits listed as Exhibits 2 through 12 on page 6 of his Designation, PROVIDED THAT he shows that those exhibits were provided to the CFTC prior to the hearing in this matter.  By not striking those exhibits, the Court is not ruling on any objection that the CFTC may raise to said exhibits or ruling on their relevance or admissibility. Defendant Purser may use any exhibit offered by another party if that exhibit has been admitted into evidence.  Purser shall not attempt to call any expert witness or elicit expert testimony without meeting the condition stated above.  It is further

ORDERED that the CFTC's Motion to Strike is DENIED as to the Gahma Defendants.  By not striking those exhibits, the Court is not ruling on any objection that the CFTC may raise to said exhibits or ruling on their relevance or admissibility.

DATED  February 27, 2006.

BY THE COURT:

_____
TED STEWART
United States District Judge