IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| COMMODITIES FUTURES TRADING COMMISSION,<br><br>     Plaintiff,<br><br><br><br>vs.<br><br><br><br>STEPHEN W. BROCKBANK, et al.,<br><br>     Defendants. | MEMORANDUM DECISION AND ORDER ON PRETRIAL MATTERS<br><br><br><br><br><br>Case No. 2:00-CV-622 TS |

This matter came before the Court on March 6, 2006, at the start of trial for hearing on pretrial matters.

On March 3, 2005, Defendant Brockbank filed a Notice of Amended Conditional Confession and Offer of Judgment.[1] Defendant Brockbank filed his previous Memorandum of Conditional Confession and Offer of Judgment on January 18, 2006.[2] The Court notes that an offer of judgment must be served on an adverse party no later than ten days prior

---

[1]Docket No. 430.

[2]Docket No. 362.

to trial and should not be filed prior to a written notice of acceptance by the Plaintiff.[3]   If an offer is not accepted it "shall be deemed withdrawn and evidence thereof is not admissible except in a proceeding to determine cost." In this case, Defendant Brockbank's latest Offer of Judgment was not timely filed, and more importantly, neither it nor the previous Offer was accepted by the CFTC.[4]   Therefore the Offers are deemed withdrawn and no evidence regarding such Offers is admissible at this trial by any party.   For the reasons stated at the hearing, it is therefore

ORDERED that Defendant Brockbank's Amended Conditional Confession and Offer of Judgment is deemed withdrawn and no party shall refer to said Offer in the presence of the jury during this trial.   It is further

ORDERED that pursuant to Fed. R. Evid. 804, evidence of conduct or statements made in compromise negotiations, such as mediation, are not admissible.  Therefore, the parties shall not refer to said mediation or any conduct or statements relating to such mediation or any other settlement negotiations in the presence of the jury.  It is further

ORDERED that Defendant Love's Motion in Limine Re: Testimony of Charlotte Ohlmiller (Docket No. 421) is GRANTED and Ms. Ohlmiller may not testify as an expert witness.  It is further

ORDERED that the Gahma Defendants' Motion to Exclude Witnesses and Exhibits (Docket No. 428) is DENIED.  It is further

---

[3]Fed. R. Civ. P. 68.

[4]Fed. R. Civ. P. 68 (requiring adverse party to serve written notice of its acceptance within ten days).

ORDERED that Purser's Motion in Limine (Docket No. 423) is DENIED.  It is further

ORDERED that the parties may file opposing memorandum to the CFTC's First

Motion in Limine (Docket No. 416), and Love's Motion in Limine re: Associated Person

(Docket No. 420), by Tuesday, March 7, 2006 at 8:00 a.m.

DATED March 7, 2006.

BY THE COURT:

_____

TED STEWART
United States District Judge

3