IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| COMMODITIES FUTURES TRADING COMMISSION,<br><br>    Plaintiff,<br><br><br><br>vs.<br><br><br>STEPHEN W. BROCKBANK, et al.,<br><br>    Defendants. | MEMORANDUM DECISION AND ORDER ON CFTC'S MOTION IN LIMINE TO BAR EVIDENCE CONCERNING CRIMINAL PROSECUTION OF DEFENDANTS<br><br><br><br><br>Case No. 2:00-CV-622 TS |

This matter came before the Court on March 6 and 7, 2006, for hearing on the CFTC's Motion in Limine to Bar Evidence Concerning Criminal Prosecutions of Defendants Andersen, Garrett, and Heninger.

The CFTC has filed a Motion in Limine seeking to bar evidence concerning the criminal prosecutions of Defendants Andersen, Garrett, and Heninger. The CFTC seeks to exclude any evidence that Defendant Andersen was acquitted in a criminal trial concerning the same facts that form the basis for this case. Counsel for Defendant Anderson argues that he should be able to refer to the prior criminal trial in his opening

1

argument.

The general rule is that evidence of an acquittal in a criminal proceeding is not admissible in a subsequent civil proceeding arising from the same facts.[1] The primary motivation behind such a rule stems from the different standards used in criminal and civil trials. An acquittal in a criminal trial does not necessarily prove innocence, but may indicate only that the prosecution failed to meet its burden of proof beyond a reasonable doubt.[2]

The first reason behind this rule is that such evidence constitutes hearsay.[3] While a hearsay exception allows for the admission of convictions,[4] it does not extend to acquittals. The Tenth Circuit has stated:

> "A judgment of acquittal is relevant to the legal question of whether the prosecution is barred by the constitutional doctrine of double jeopardy or of collateral estoppel. But once it is determined that these pleas in bar have been rejected, a judgment of acquittal is not usually admissible to rebut inferences that may be drawn from the evidence that was admitted. Not only does the inference appellants suggest not flow from the judgment of the acquittal . . . , but also a judgment of acquittal is hearsay. The Federal rules of Evidence except from the operation of the hearsay rule only judgments of conviction, Rule 803(22), not judgments of acquittal."[5]

The evidence can be excluded as irrelevant under Rule 401. The Fifth Circuit has

---

[1] *See* 18 A.L.R.2d 1287, § 6.

[2] *McKinney v. Galvin*, 701 F.2d 584, 586 n.5 (citing 4 *Weinstein's Evidence* ¶ 803).

[3] *Id*.

[4] Fed.R.Evid. 803(22).

[5] *United States v. Sutton*, 732 F.2d 1483, 1492 (10th Cir. 1984) (quoting *United States v. Vistero*, 596 F.2d 531, 537 (2d Cir.1979).

stated "that evidence of a prior acquittal is not relevant because it does not prove innocence but rather merely indicates that the prior prosecution failed to meet its burden of proving beyond a reasonable doubt at least one element of the crime."[6]

The evidence may also be excluded under Rule 403 because its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury.[7]

Because the evidence of a prior acquittal is not admissible, it would be prejudicial to the Defendants to introduce evidence of the prior criminal trial because the jury would be left to speculate that they were liable in this case because criminal charges had been brought arising from the same allegations as are brought herein.

Accordingly, counsel may not refer to the prior criminal trial in opening arguments or otherwise at trial.

The parties may, however, use prior testimony under oath at a criminal proceeding for impeachment purposes.[8]  If it is used for such purpose, it would be prejudicial to the Defendants to refer to prior testimony as having been from a criminal trial when evidence of an acquittal is excluded.   Therefore, the parties who wish to use a witnesses testimony from the criminal trial as impeachment evidence or as an admission of a party opponent

---

[6] *United States v. Kerley*, 643 F.2d 299, 300–01 (5th Cir. 1981).

[7] *Id*.

[8] Fed. R. Evid. 801(d)(2)(A) (prior inconsistent testimony under oath) and (d)(2)(B) (admission by party-opponent); *Hudelson v. Cowdry*, 3 Fed. Appx. 845, 847 (10th Cir. 2001) (counsel able to use prior testimony at criminal trial and deposition to impeach witness); see also Fed. R.Evid. 613(a)(prior statement of a witness used for impeachment).

shall refer to the criminal trial only as a "prior proceeding."  Counsel may of course inquire whether the witness understood he or she was testifying under oath at the prior proceeding.  Counsel shall inform their witnesses that no mention is to be made of the prior criminal trial.  It is therefore

ORDERED that the CFTC's Motion in Limine to Bar Evidence Concerning Criminal Prosecutions of Defendants Andersen, Garrett, and Heninger is GRANTED.

DATED March 7, 2006.

BY THE COURT:

_____
TED STEWART
United States District Judge