IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH
CENTRAL DIVISION

| | |
|---|---|
| COMMODITY FUTURES TRADING COMMISSION,<br>Plaintiff,<br><br>vs.<br><br>STEPHEN BROCKBANK, CAROL LOVE, et al.,<br>Defendants. | MEMORANDUM DECISION AND ORDER DENYING DEFENDANT LOVE'S MOTION FOR JUDGMENT NOTWITHSTANDING VERDICT AND/OR FOR NEW TRIAL<br><br>Case No. 2:00-CV-622 TS |

This matter is before the Court on Defendant Love's Motion for Judgment Notwithstanding the Verdict and/or for New Trial. Defendant Love seeks judgment as a matter of law under Rule 50(b) of the Federal Rules of Civil Procedure, or alternatively, for a new trial under Rule 59(a). At the time Love filed the present post-verdict Motion for Judgment as a Matter of Law, and/or a New Trial, the Court had not yet heard the sanctions evidence and, accordingly, no judgment had been entered. Sanctions are now determined and sanctions and a judgment will issue by separate documents.

In ruling on a post-verdict motion for judgment as a matter of law, the court makes "all reasonable inferences in favor of the non-moving party. 'Judgment as a matter of law is appropriate only if the evidence points but one way and is susceptible to no reasonable inferences which may support the nonmoving party's position.'"[1]

In a motion for a new trial on the grounds that the jury verdict is against the weight of the evidence, the jury's verdict "must be upheld unless it is 'clearly, decidedly or overwhelmingly against the weight of the evidence.'"[2]

The jury found against Defendant Love on the CFTC's claims for violation of section 4b(a)(i), (ii), and (iii), 4o(1)(A) and (B) and 4m(1) of the Commodity Exchange Act and Commission Regulations 4.20(a) and (c). Defendant Love contends that the evidence is insufficient to support the jury verdict. Specifically, she contends that the evidence did not support a finding that Love acted with the requisite scienter for violations Sections 4b(a)(i), (ii), or (iii), and 4*o*(1)(A) because her role in Defendant Birma, Ltd (Birma) was minimal and she had no intent to cheat, defraud, or deceive. Love also argues that she did not operate as a commodity pool operator and was, instead, merely acting at the direction of another Defendant who misled her.

---

[1] *Escue v. Northern Okla. College*, 450 F.3d 1146, 1156 (10th Cir. 2006) (quoting *Loughridge v. Chiles Power Supply Co.*, 431 F.3d 1268, 1280 (10th Cir. 2005) (internal citations omitted).

[2] *Id*. at 1156-57 (quoting *Black v. Hieb's Enters*., 805 F.2d 360, 363 (10th Cir. 1986)).

The CFTC argues that the evidence at trial showed that Love's role in Birma was substantial, that her conduct meets the scienter standard, that scienter is not required for a 4o(1)(B) violation and that she operated as an unregistered commodity pool operator.

The Court finds that there was ample evidence at trial, including Love's own testimony, from which the jury could find that Love violated each of the charged provisions of the Act and Regulations. Although Love argues that the evidence showed that she did not know of any misrepresentations, per the Court's summary judgment order,[3] "recklessness" can be sufficient scienter for section 4b claims. The jury was correctly instructed on the standard.[4] There is evidence of her position in forming Birma, serving as an officer of Birma, that Birma solicited commodity investments, that she: attended at least one meeting with an investor, signed documents on behalf of Birma, misrepresented that investor funds belonged to her, or to another defendant and her, and facilitated the transfer of investor funds after the restraining order. Even if she did not know of the true situation, there is evidence from which a reasonable jury could find liability under section 4b(a)(i), (ii) or (iii) based on recklessness. Further, the Court finds that there was sufficient evidence from which the jury could have inferred that she intentionally defrauded investors.

The evidence at trial was sufficient to support the jury's finding that Love operated as an unregistered commodity pool operator. As such, no scienter was necessary for a finding of fraud under section 4*o*(1)(B). There was sufficient evidence at trial to show that

---

[3]Docket No. 372, Order Denying Love's Motion for Summary Judgment.

[4]*E.g.*, Jury Instruction No. 19.

Love failed to operate Birma as a separate entity, and commingled the property of its pool with her own personal funds, all in violation of Commission Regulations.

At trial, Love presented evidence in support of her theory that she merely performed clerical tasks at the direction of another and did not actually operate the commodity pool. The CFTC presented its evidence to the contrary. Presented with this competing evidence, the jury made its determination on Love's credibility and found against her on all counts. Because the evidence did not point only one way and was susceptible to reasonable inferences which supported the CFTC's position at trial, Love has not met the standard for judgment as a matter of law. Similarly, because the jury's verdict is supported by evidence on all elements of each count, the jury's verdict is not "clearly, decidedly or overwhelmingly against the weight of the evidence," and must be upheld. Accordingly, the Court denies the Motion for a New Trial. It is therefore

ORDERED that the Defendant Love's Motion for Judgment Notwithstanding the Verdict and/or for New Trial (Docket No. 473) is DENIED.

DATED March 28, 2007.

BY THE COURT:

TED STEWART
United States District Judge