IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| COMMODITY FUTURES TRADING COMMISSION,<br><br>Plaintiff,<br><br><br><br>vs.<br><br><br><br>STEPHEN BROCKBANK, CAROL LOVE, et al.,<br><br>Defendants. | MEMORANDUM DECISION AND ORDER DENYING DEFENDANT PURSER'S MOTION FOR JUDGMENT NOTWITHSTANDING VERDICT<br><br><br><br><br><br>Case No. 2:00-CV-622 TS |

This matter is before the Court on Defendant Purser's Motion for Judgment Notwithstanding Verdict.

The jury found that Defendant Purser violated Section 4k(2) of the Commodity Exchange Act[1] by acting as an unregistered associated person of Defendant Birma, Ltd. (Birma), but otherwise found in Purser's favor on the CFTC's claims for violation of Sections 4b(a)(i) and (iii), 4o(1)(A) and (B) of the Commodities and Exchange Act.

---

[1] 7 U.S.C. § 6k(2).

1

At the time Purser filed the present post-verdict Motion for Judgment as a Matter of Law, the Court had not yet heard the sanctions evidence and, accordingly, no judgment had been entered. Sanctions are now determined and sanctions and a judgment will issue by separate documents.

A judgment as a matter of law under Fed. R. Civ. P. 50 may be granted:

> "only if the evidence points but one way and is susceptible to no reasonable inferences supporting the party for whom the jury found; we must construe the evidence and inferences most favorably to the nonmoving party." A motion for a judgment as a matter of law is cautiously and sparingly granted and then only when the court is certain the evidence "conclusively favors one party such that reasonable men could not arrive at a contrary verdict."[2]

Purser moves for judgment as a matter of law on the grounds that the unrefuted testimony was that he was exempt from registration, that he was not an associate of Birma, that the evidence did not establish that he solicited funds for a participation in a commodity pool, and that there is no basis for damages.

The CFTC argues that ample evidence was presented at trial to find Purser liable for acting as an unregistered associated person of Birma and Defendant Stephen Brockbank (Brockbank) and the relevant authority includes the CFTC's reasonable interpretation of Section 4k(2).

Purser makes the novel argument that because he is not required by the federal Investment Advisers Act of 1940[3] (Investment Advisers Act) to register as a "investment

---

[2] *Weese v. Schukman,* 98 F.3d 542, 547 (10th Cir. 1996) (quoting *Ralston Dev. Corp. v. United States*, 937 F.2d 510, 512 (10th Cir. 1991) and *Western Plains Service Corp. v. Ponderosa Development Corp.*, 769 F.2d 654, 656 (10th Cir. 1985)).

[3] 15 U.S.C. §§ 80b-1, *et seq*.

adviser" if he makes a referral solely incidental to his law practice, that he cannot be found to have violated Section 4k(2) of the Commodity Exchange Act by acting as an unregistered associated person of a commodity pool operator.  In support, he quotes from the Utah Administrative Code,[4] rather than the Investment Advisers Act's definition of "investment adviser."[5]

      However, this case does not involve a claim for violation of the "investment adviser" registration requirements of the Investment Advisers Act.  Instead, it involves a different issue of the claim that Purser operated as an unregistered "associated person" in violation of Section 4k(2) of the Commodity Exchange Act.  Purser has not shown that the fact, if it were to be a fact, that he may have been exempt from the registration requirement for "investment advisers" under a different federal statute insulates him from any liability for operating as an unregistered "associated person" in violation of Section 4k(2).  The Court

---

[4]UT ADC R164-4(G)(1)(a) and(G)(1)(c)(1) ( "A lawyer, . . . [or other professional] must be licensed as an investment adviser or investment adviser representative if the professional provides investment advice or investment advisory services to the professional's clients for a fee, if the advice is not "solely incidental" to the professional's regular professional practice with respect to clients."); *but see* UT ADC R164-4(G)(4)(a)(iii) (providing that "one must be licensed as an investment adviser or investment adviser representative" if "receiving a fee from an investment adviser for client referrals.").

[5]*See* 15 U.S.C. § 80b-2(11) and (11)(B) (defining "investment adviser" as "any person who, for compensation, engages in the business of advising others . .  as to the advisability of investing in, purchasing, or selling securities" but excluding "any lawyer, . . . whose performance of such services is solely incidental to the practice of his profession."); *see also Sullivan v. Chase Inv. Serv. of Boston, Inc.*, 434 F.Supp. 171, 188 (D.C. Cal. 1977) ("Congress did not intend [subsection] (11)(B) to give lawyers, [and other professionals] a license to aid and abet fraud.").

agrees with the CFTC that the relevant authority is that dealing with the Commodities Exchange Act.

At trial the CFTC presented evidence that Purser had a written agreement to receive fees for bringing investors into Birma, that he referred investors to Birma under that agreement, and that he was compensated for doing so. The CFTC also presented evidence that Purser arranged meetings for potential Birma investors, touted his own purportedly successful investment in Birma to lure investors into Birma, and set up limited partnerships for investors he brought to Birma.

The Court finds that the CFTC's evidence constitutes a "legally sufficient evidentiary basis for a reasonable jury to find for" the CFTC on the issue of whether Purser operated as an unregistered "associated person" in violation of Section 4k(2) of the Commodity Exchange Act. Therefore, Purser has not met his burden of showing that judgment as a matter of law should be granted. It is therefore

ORDERED that Purser's Motion for Judgment Notwithstanding Verdict (Docket No. 481) is DENIED.

DATED March 28, 2007.

BY THE COURT:

_____
TED STEWART
United States District Judge