IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| COMMODITY FUTURES TRADING COMMISSION,<br><br>　　Plaintiff,<br><br>vs.<br><br>STEPHEN BROCKBANK; CAROL LOVE; BIRMA, LTD; GAHMA CORPORATION,<br><br>　　Defendants. | JUDGMENT AND ORDER OF PERMANENT INJUNCTION<br><br><br><br><br><br>Case No. 2:00-CV-622 TS |

I.  JUDGMENT

It is ORDERED AND ADJUDGED THAT:

1.　　RESTITUTION:

A.　　Birma, Ltd, Stephen W. Brockbank, and Carol J. Love shall be jointly and severally liable for $1,237,874.97 in restitution to BIRMA pool participants as set forth in "Net Birma Customer Losses After the Final Distribution." (Attachment A).  Prejudgment interest of $407,952.72 shall be applied to this restitution amount, and Birma, Ltd, Stephen W. Brockbank, and Carol J. Love shall be jointly and severally liable for such prejudgment interest.  Such prejudgment interest is calculated from August 8, 2000 to April 9, 2007, using the rate established by the Internal Revenue Service pursuant to 26 U.S.C § 6621(a)(2). Stephen W. Brockbank, Birma, Ltd, and Carol J. Love shall pay post-judgment interest from the date of this Order until the restitution amount is paid in full, at the Treasury

1

Bill rate prevailing on the date of this Order, pursuant to 28 U.S.C. § 1961(a).  Payment of the restitution obligations shall be sent to the Monitor defined in paragraph IV.3 below and made payable to the National Futures Association ("NFA").  All payments made pursuant to this paragraph IV.1A shall be considered restitution payments until the restitution obligation (including interest) is fully satisfied.  All payments received by the Monitor after satisfaction of the restitution obligation set forth in this paragraph and the disgorgement obligations set forth in paragraph IV.2 below shall be applied to the civil monetary penalty described herein.

    B.    Gahma Corporation shall be liable for $364,672.15 in restitution to Gahma pool participants as set forth in "Net Gahma 2 Customer Losses After the Final Distribution." (Attachment B).  Prejudgment interest of $82,374.54 shall be applied to this restitution amount, and Gahma Corporation shall be liable for such prejudgment interest.  Such prejudgment interest is calculated from August 13, 2002 to April 9, 2007, using the rate established by the Internal Revenue Service pursuant to 26 U.S.C § 6621(a)(2).  Gahma Corporation shall pay post-judgment interest from the date of this Order until this restitution amount is paid in full, at the Treasury Bill rate prevailing on the date of this Order, pursuant to 28 U.S.C. § 1961(a).  All payments made pursuant to this paragraph IV.1B shall be considered restitution payments until the restitution obligation (including interest) is fully satisfied.  Payment of the restitution obligations shall be sent to the Monitor defined in paragraph IV.3 below and made payable to the NFA.

    2.    <u>DISGORGEMENT</u>:

Stephen W. Brockbank shall pay $300,000 in disgorgement.  Carol J. Love shall pay $28,000 in disgorgement.  Payment of disgorgement shall be sent to the Monitor, as defined in paragraph IV.3 below, and shall be made payable to the NFA.  Stephen W.

Brockbank and Carol J. Love shall pay post-judgment interest on their respective disgorgement obligations from the date of this Order until this restitution amount is paid in full, at the Treasury Bill rate prevailing on the date of this Order, pursuant to 28 U.S.C. § 1961(a).

3. <u>RESTITUTION AND DISGORGEMENT MONITOR</u>:  The National Futures Association (NFA) is hereby designated as the Monitor with respect to the restitution and disgorgement payments.  All payments of restitution and disgorgement obligations of Birma, Ltd., Stephen W. Brockbank, Carol J. Love and Gahma Corporation, shall be sent to the Monitor at National Futures Association, Attention Daniel A. Driscoll, Executive Vice President, Chief Compliance Officer, (or his successor), 200 West Madison Street, Suite 1600, Chicago, IL 60606.  The Monitor shall distribute restitution and disgorgement payments to customers on a pro rata basis unless at his sole discretion, based upon the amount of funds available for distribution, the Monitor decides to defer distribution.

4. <u>CIVIL MONETARY PENALTY</u>:

A. Stephen W. Brockbank shall pay a $990,000 civil monetary penalty.  Such civil monetary penalty shall be paid upon fulfillment of his restitution obligations first, and his disgorgement obligations thereafter.  Stephen W. Brockbank shall pay post-judgment interest at the rate set forth in 28 U.S.C. §1961 from the date of this Order until such the civil monetary penalty is paid in full.

B. Donald J. Purser shall pay a civil monetary penalty of $110,000.  Donald J. Purser shall pay post-judgment interest at the rate set forth in 28 U.S.C. §1961 from the date of this Order until such the civil monetary penalty is paid in full.

C.	All civil monetary penalty payments shall by made by electronic funds transfer or by U.S. postal money order, certified check, bank cashier's check, or bank money order, made payable to the Commodity Futures Trading Commission and sent to:

>	Commodity Futures Trading Commission
>	Division of Enforcement
>	ATTN: Marie Bateman –AMZ 300
>	DOT/FAA/MMAC
>	6500 S. Macarthur Blvd.
>	Oklahoma  City, OK 73169

under cover of a letter that identifies the Defendant and the name and docket number of this proceeding.  If payment by electronic transfer is chosen, contact Marie Bateman at 405-954-6560 for instructions.  Simultaneous with payment of their respective civil monetary penalties, Stephen W. Brockbank and Donald J. Purser shall transmit a copy of the cover letter and the form of payment to the Director of the Division of Enforcement at the address set forth above and to the Monitor at the address provided above.  It is further

ORDERED that all notices required by this Order shall be sent by certified mail, return receipt requested to:

>	<u>Notice to the Commission</u>:
>	Director of the Division of Enforcement
>	Commodity Futures Trading Commission
>	1155 21st Street, N.W.,
>	Washington, D.C. 20581

<u>Notice to the Monitor</u>:
National Futures Association
Attention: Daniel Driscoll, Executive Vice President, Chief Compliance Officer
200 West Madison Street
Suite 1600
Chicago, IL 60606

## II. ORDER FOR PERMANENT INJUNCTION

Pursuant to Section 6c of the Commodities Futures Act (the Act), 7 U.S.C. § 13a-1, it is ORDERED THAT:

1. Defendants Birma, Ltd., Stephen W. Brockbank, and, Carol J. Love, are permanently restrained, enjoined and prohibited from directly or indirectly:

a. cheating, defrauding, or attempting to cheat or defraud, and willfully deceiving or attempting to deceive other persons by any means whatsoever, in or in connection with any order to make, or the making of, any contract of sale of any commodity for future delivery, made, or to be made, for or on behalf of any person if such contract for future delivery is or may be used for (i) hedging any transaction in interstate commerce in such commodity or the products or by products thereof; (ii) determining the price basis of any transaction in interstate commerce in such commodity; or (iii) delivering any such commodity sold, shipped, or received in interstate commerce for the fulfillment thereof, in violation of Sections 4b(a)(2)(i) and (iii) of the Act, 7 U.S.C. § 6b(a)(2)(i) and (iii);

b. willfully making or causing to be made to such other person any false report or statement thereof, in violation of Section 4b(a)(2)(ii) of the Act, 7 U.S.C. § 6b(a)(2)(ii);

c.  acting as commodity pool operators (CPOs) without being registered as such under the Act and using the mails or any means or instrumentality of interstate commerce in connection with their business as CPOs, in violation of Section 4m(1) of the Act, 7 U.S.C. § 6m(1);

d.  as CPOs, employing any device, scheme, or artifice to defraud any pool participant or prospective pool participant, or engaging in any transaction, practice, or course of business which operates as a fraud or deceit upon any pool participant or prospective pool participant, by use of the mails or any means or instrumentality of interstate commerce, in violation of Section 4o(1) of the Act, 7 U.S.C. § 6o(1);

e.  as CPOs, failing to operate a pool or pools an entity cognizable as a legal entity separate from that of the pool operator, in violation of Commission Regulation 4.20(a), 17 C.F.R. § 4.20(a); and

f.  as CPOs, commingling the property of any pool they operate or intend to operate with the property of any other person, in violation of Commission Regulation 4.20(c), 17 C.F.R. § 4.20(c).

2. Defendant Stephen W. Brockbank is further permanently restrained, enjoined and prohibited from directly or indirectly:

a.  acting as a commodity trading advisor (CTA) engaged in the business of advising others as to the value of or the advisability of trading in any commodity for future delivery on or subject to the rules of any contract market or derivatives transaction execution facility, in violation of Section 4m(1) of the Act, 7 U.S.C § 6m(1);

b. as a CTA, employing any device, scheme, or artifice to defraud any pool participant or prospective pool participant, or engaging in any transaction, practice, or course of business which operates as a fraud or deceit upon any pool participant or prospective pool participant, by use of the mails or any means or instrumentality of interstate commerce, in violation of Section 4o(1) of the Act, 7 U.S.C. § 6o(1); and

c. soliciting prospective clients or entering into any agreement with prospective clients to direct commodity interest accounts without delivering or causing to be delivered to the prospective client a Disclosure Document at or before the time he engages in the solicitation or enters into the agreement, in violation of Commission Regulation 4.31, 17 C.F.R. § 4.31.

3. Defendant Donald J. Purser is permanently restrained, enjoined and prohibited from directly or indirectly:

Associating with a commodity pool operator as a partner, officer, employee, consultant, or agent (or in a similar status or performing similar functions), in any capacity that involves the solicitation of funds, securities, or property for a participation in a commodity pool without being registered with the Commission as an associated person, in violation of Section 4k(2) of the Act, 7 U.S.C. § 6k(2).

4. Defendant Gahma Corporation is permanently restrained, enjoined and prohibited from directly or indirectly:

a. willfully deceiving or attempting to deceive other persons by any means whatsoever, in or in connection with any order to make, or the making of, any contract of sale of any commodity for future delivery, made, or to be made,

for or on behalf of any person if such contract for future delivery is or may be used for (i) hedging any transaction in interstate commerce in such commodity or the products or byproducts thereof; (ii) determining the price basis of any transaction in interstate commerce in such commodity; or (iii) delivering any such commodity sold, shipped, or received in interstate commerce for the fulfillment thereof, in violation of Section 4b(a)(2)(iii) of the Act, 7 U.S.C. § 6b(2)(a)(iii);

b. acting as a CPO without being registered as such under the Act and using the mails or any means or instrumentality of interstate commerce in connection with its business as a CPO, in violation of Section 4m(1) of the Act, 7 U.S.C. § 6m(1);

c. as a CPO, failing to provide pool participants and prospective pool participants with a Disclosure Document containing the disclosures required by Commission Regulations 4.24 and 4.25, 17 C.F.R. §§ 4.24 and 4.25, as required by Commission Regulation 4.21, 17 C.F.R. § 4.21.

5. Defendants BIRMA, Ltd, Stephen W. Brockbank, Carol J. Love, Donald J. Purser and Gahma Corporation are permanently restrained, enjoined and prohibited from directly or indirectly:

a. trading commodity interests on or subject to the rules of any registered entity;

b. introducing customers to any other person engaged in the business of trading commodity interests;

c. engaging in, controlling or directing the trading for any commodity interest account on their own behalf or for or on behalf of any other person or entity, whether by power of attorney or otherwise; and

d. directly or indirectly soliciting or accepting any funds from any person in connection with the purchase or sale of any commodity interests;

e. giving advice, placing orders or giving price quotations or other information in connection with the purchase or sale of commodity interests; and

f. otherwise engaging in any business activities related to commodity interests.

6. The injunctive provisions of this Order shall be binding on Defendants Birma, Ltd, Stephen W. Brockbank, Carol J. Love, Donald J. Purser and Gahma Corporation, upon any person insofar as he or she is acting in the capacity of officer, agent, servant, employee or attorney of Birma, Ltd, Stephen W. Brockbank, Carol J. Love, Donald J. Purser and Gahma Corporation, and upon any person who receives actual notice of this Order by personal service, facsimile or otherwise insofar as he or she is acting in active concert or participation therewith.

### III.  JURISDICTION

It is hereby ORDERED that this Court shall retain jurisdiction of this case to assure compliance with this Judgment and Permanent Injunction and for all other purposes related to this action.

DATED July 2, 2007.

BY THE COURT:

_____
TED STEWART
United States District Judge